# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Cross Creek Pictures, LLC, et al.,

        Plaintiffs,

v.

S & S Aviation, Inc.,

        Defendant.

_____/

Case No. 1:17-cv-3440

Michael L. Brown
United States District Judge

## OPINION AND ORDER

For the reasons below, the Court grants the Motion to Dismiss filed by S&S Aviation. (Dkt. 5).

## I. Background

This is an indemnity and contribution case arising out of a plane crash in the Republic of Colombia. The accident occurred after filming of "American Made," a movie starring Tom Cruise about a drug smuggler recruited by the C.I.A. to capture Pablo Escobar. Dkt. 8 at ¶ 8. Two of the three people on the plane died in the crash. *Id.* at ¶ 9. The third occupant was seriously injured. *Id.* Plaintiffs Cross Creek Pictures, LLC; Imagine Entertainment, LLC; Quadrant Pictures, LLC; and Vendian

Entertainment, LLC were production companies involved in making the movie. *Id.* at ¶¶ 1-4.

The family of a man killed in the crash filed a wrongful-death suit in California state court against several individuals and companies, including Plaintiffs. *Id.* at ¶ 9. The decedent's estate alleges that Plaintiffs arranged and managed the plane used in the film and were responsible for ensuring that only skilled pilots flew it. Dkt. 5-2 at ¶¶ 10-11. The decedent's estate also alleges that Plaintiffs negligently allowed an unqualified pilot to fly the plane, causing the accident and the decedent's death. *Id.* at ¶¶ 18-20. In the California action, Plaintiffs in this case deny any responsibility for the crash and argue (among other things) that another company, Mena Productions, was responsible for controlling the use of the aircraft. Dkt. 31-1 at 2.

The California wrongful-death case is ongoing. Even so, Plaintiffs sued Defendant S&S Aviation, Inc. here seeking indemnification and contribution for any liability it may face in the California action. Plaintiffs claim that Defendant S&S Aviation was responsible for maintaining the aircraft and negligently failed to inspect, repair, maintain, and operate it. Dkt. 1 at ¶¶ 10-11. Plaintiffs assert claims for

(1) total equitable indemnity, (2) comparative indemnity, (3) equitable apportionment, (4) contribution, and (5) declaratory relief. *Id.* at ¶¶ 20, 24, 26, 28, 30. The declaratory relief claim seeks a declaration that Defendant S&S Aviation is liable for any damages Plaintiffs may have to pay in the California action and must indemnify Plaintiffs for any such payments, costs of litigation, and attorneys' fees. *Id.* at ¶ 30.

It is clear from the face of the complaint that Plaintiffs have not yet been found liable in the California action but are seeking relief here to protect their interests should they be found liable in California. S&S Aviation moved to dismiss the complaint under Rule 12(b)(1) claiming Plaintiffs' indemnification and contribution claims are not yet ripe, and the Court lacks jurisdiction.[1]

---

[1] S&S Aviation also argues that the case should be dismissed because the complaint fails to plead the citizenship of constituent members of Plaintiffs' limited liability companies. Plaintiffs seek leave to amend the complaint to cure this defect. S&S Aviation also claims Georgia law recognizes no causes of action for contribution, equitable apportionment, or comparative fault and so those claims should be dismissed. Because the Court finds that the complaint must be dismissed for lack of subject-matter jurisdiction, the Court does not reach these additional arguments.

## II. Discussion

Article III of the United States Constitution "limits the jurisdiction of the federal courts to actual cases or controversies." *Beaulieu v. City of Alabaster*, 454 F.3d 1219, 1227 (11th Cir. 2006). "[T]here are three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." *Christian Coal. of Fla., Inc. v. United States,* 662 F.3d 1182, 1189 (11th Cir. 2011). This case implicates the first two: standing and ripeness.

The Supreme Court has held that the "irreducible constitutional minimum" of standing contains three elements:

> First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized ... and (b) "actual or imminent, not 'conjectural' or 'hypothetical,'" ... Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." ... Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992) (internal citations omitted). While standing concerns the identity of the plaintiff and asks whether he or she may appropriately bring the suit, ripeness concerns

the timing of the suit. It asks whether a plaintiff's claim is ready for adjudication. *Mulhall v. UNITE HERE Local 355,* 618 F.3d 1279, 1291 (11th Cir 2010).

"The purpose of the ripeness doctrine is to ensure that federal courts do not engage in speculation or waste their resources by reviewing 'potential or abstract disputes.'" *Id.* To make a ripeness determination, a court must consider "(1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." *Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997) (quoting *Abbot Law. v. Gardner*, 387 U.S. 136, 148 (1967)). Courts must resolve "whether there is sufficient injury to meet Article III's requirement of a case or controversy and, if so, whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decision-making by the court." *Id.* Claims are not ripe for adjudication if they are "contingent future events that may not occur as anticipated, or indeed may not occur at all." *See Thomas v. Union Carbide Agricultural Products Co.,* 473 U.S. 568, 581 (1985). On the other hand, the Supreme Court has held that "[o]ne does not have to await the consummation of threatened injury to obtain preventive relief.

5

If the injury is certainly impending, that is enough." *Id.* (internal citations and quotations omitted).

Plaintiffs' claims against S&S Aviation for indemnification are certainly contingent on future events: their liability in the California action. Throughout the complaint, Plaintiffs explain repeatedly that they have not yet been found liable in the California action but seek indemnification and contribution just in case. Plaintiffs, for example, allege that they "seek total indemnification against [S&S Aviation] for any and all amounts that ***may be*** awarded against each of them." Dkt. 1 at ¶ 9 (emphasis added). They further allege that "***if*** plaintiffs are held liable for damages" in California, they should be able to recover from S&S Aviation "for such liability, ***if any***," and that S&S Aviation must reimburse them for damages, fees and legal costs that "they ***may be compelled to pay*** as a result of any settlement, judgment or awards" in the California action. *See id.* at ¶¶ 13, 19 (emphasis added).

There is no reason to believe that Plaintiffs' liability is "certainly impending," which the Supreme Court found sufficient in *Thomas*. *See* 473 U.S. at 581. Plaintiffs do not even allege or argue that their liability

is likely or probable, much less impending. They simply say that it could happen.

The Eleventh Circuit has held that "if a plaintiff's claimed injury depends on the resolution of other judicial proceedings, there may well be fitness concerns that render the plaintiff's claim presumptively unripe." *Mulhall,* 618 F.3d at 1291. That presumption applies here. And, more directly on point, the Eleventh Circuit has held that a claim for indemnification premised on potential liability to a third party is not justiciable under Article III.

In *Armstrong v. Alabama Power Co.,* 667 F.2d 1385 (11th Cir. 1982), the families of two people who died in a boating accident sued Alabama Power Company in Alabama State Court for wrongful death. *Id.* at 1387. The defendant alleged that the United States was to blame for the accident because it failed to mark dangerous power lines on navigation charts. *Id.* Since the defendant could not sue the United States in state court, it brought indemnification and contribution claims against the United States in federal court. *Id.* But it did so – like Plaintiffs here – *before* any judgment or settlement against it in underlying wrongful death suit. The Eleventh Circuit affirmed the district court's

determination that the defendant's claim was not yet ripe, and it lacked jurisdiction:

> whether an indemnification issue is ripe for adjudication depends on the facts and circumstances of the case under consideration. Here, there has been neither a determination of liability nor a settlement in any of the personal injury or wrongful death actions pending against (appellant) in the district court or state courts. We cannot tell at this time what the outcome of those actions will be.... To award, in this action, indemnification against all liability and expenses, incurred or which may be incurred by (appellant) in those actions, could lead to incongruous results. The fact that (appellant has) already incurred some expenses in defending those actions does not make ripe (the) claims for indemnification against all potential liability and expenses.

*Id* at 1388 (quoting *A/S Ludwig Mowinckles Rederi v. Tidewater Construction Corp.*, 559 F.2d 928 (4th Cir. 1977)).

The same is true in this case. Plaintiffs have not been found liable for any damages in the California wrongful death suit. And no one knows what the outcome of that case will be. No one can say if it is likely, unlikely, probable or improbable that Plaintiffs will be liable. It is merely possible. If Plaintiffs prevail in California, any claim for indemnification or judgment in this case will be irrelevant. Whether S&S Aviation must indemnify Plaintiffs is thus not fit for determination here. And Plaintiffs are not prejudiced by this dismissal since the statute of

limitations on their claims against S&S Aviation will not even begin to run until – and if – there is a judgment or settlement of the California case that obligates Plaintiffs. *Auto-Owners v. Anderson*, 252 Ga. App. 361, 364 (2001) (recognizing that "statute of limitation for a claim of indemnity [runs] from the settlement or final judgment").

This case falls in line with decisions throughout the Eleventh Circuit holding that claims for indemnification are not justiciable until the party seeking indemnification is held liable or otherwise makes a payment. *See, e.g.*, *Evanston Ins. Co. v. Dillard House*, 2017 WL 3498953 (N.D. Ga. June 28, 2017) (dismissing indemnification claim brought before liability arose for lack of subject matter-jurisdiction); *DHL Project & Chartering Ltd. v. Newlead Holdings Ltd.*, 2016 WL 6885650 (S.D. Ga. Nov. 18, 2016) ("a cause of action for indemnity is not ripe until there has been either a determination of liability or a settlement that establishes the purported indemnitor's obligation to pay"); *Bussey v. Macon Cnty. Greyhound Park, Inc.*, 2011 WL 1216296 (M.D. Ala. Mar. 31, 2011) (recognizing that "contribution and indemnity suits brought in anticipation of liability are not ripe until the obligation to pay in the underlying separate suit has been established by a judgment or

settlement"); *Northland Cas. Co. v. HBE Corp.,* 160 F. Supp. 2d 1348, 1363 (M.D. Fla. 2001) (holding defendant's obligation to indemnify plaintiff "is not ripe for adjudication" while underlying lawsuit remains pending).

Plaintiffs claim *Alabama Power* and cases following it are not controlling because Georgia law allows a plaintiff in a civil suit to bring a separate action for indemnification before incurring liability. But Plaintiffs cite no Georgia case allowing such a claim under current Georgia law. Indeed, the cases Plaintiffs cite merely state that a party may seek indemnification even without a judgment in an underlying suit, for example, when the party settles the previous lawsuit. *See, e.g., Marchman & Sons, Inc. v. Nelson,* 251 Ga. 475, 477, 306 S.E.2d 290 (Ga. Ct. App. 1983) (holding that dismissal with prejudice of underlying suit is not bar to action for contribution); *Union Carbide Corp. v. Thiokol Corp.*, 890 F. Supp. 1035, 1050-51 (S.D. Ga. 1994) (recognizing that Georgia law permits settling tortfeasor to seek contribution or indemnity from joint tortfeasor who was not party to settlement).

At the same time Plaintiffs sued S&S Aviation in this Court, they filed a similar indemnification and contribution claim in Georgia State

Court against a company called Heliblack, LLC, another company involved in providing the airplane for the film. That court dismissed Plaintiffs' claim for declaratory relief for lack of jurisdiction because Plaintiffs had not yet been found liable in the California action:

> in the underlying case, there has been no judgment entered, no settlement concluded, and no liability has been imposed upon plaintiffs. It appears that there is no 'definite and concrete' controversy before the Court at this time and that Plaintiffs' [claim] merely stems from the 'fear [that a justiciable controversy] may arise at a future date.' . . . the Court does not have subject matter jurisdiction.

*Cross Creek, et al. v. Heliblack*, 17-cv-1618 (Gwinnett Cnty Sup. Ct., June 22, 2018). Although that case is on appeal, at least for now, it appears Plaintiffs cannot bring a state claim for indemnification before actual liability arises from a judgment or settlement. The dismissal of the Gwinnett County action, though not binding on this Court, supports this Court's conclusion that it lacks subject-matter jurisdiction because Plaintiffs' claims are not justiciable.

That Plaintiffs include a claim for declaratory relief does not change this analysis. The term "case of actual controversy" in the Declaratory Judgment Act refers to the type of cases and controversies that are justiciable under Article III. *MedImmune, Inc. v. Genentech, Inc.,* 549

U.S. 118, 127 (2007) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)). The Eleventh Circuit has interpreted this to mean that "a declaratory judgment may only be issued in the case of an 'actual controversy.' That is, under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests." *Emory v. Peeler*, 756 F.2d 1547, 1551–52 (11th Cir. 1985). "Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury" and "[t]he remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments." *Id.* at 1552. As explained above, this case does not meet that requirement.

### III. Conclusion

For the reasons set forth above, the Court **GRANTS** Defendant S&S Aviation's Motion to Dismiss (Dkt. 5). Plaintiffs' complaint is **DISMISSED** without leave to amend. Defendant's motion to stay discovery (Dkt. 12) and motion to strike (Dkt. 25), as well as Plaintiffs' motion to amend (Dkt. 16), motion to disqualify (Dkt. 28), and motion for

leave to file supplemental exhibits (Dkt. 57) are all **DENIED AS MOOT**.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED**.

Dated: September 5, 2018
Atlanta, Georgia

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE